IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DONALD TUBB**                                                                  **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 1:06CV349-D-D**

**LEE COUNTY SHERIFF'S DEPARTMENT,
LEE COUNTY BOARD OF SUPERVISORS,
DEFENDANT A, DEFENDANT B AND OTHER
UNKNOWN DEFENDANTS**                                **DEFENDANTS**

## MEMORANDUM BRIEF SUPPORTING MOTION TO DISMISS

### INTRODUCTION

Plaintiff Donald Tubb (Tubb) has filed suit against the Lee County Sheriff's Department (LCSD), the Lee County Board of Supervisors (the Supervisors), and unknown Defendants. LCSD and the Supervisors have moved the Court for dismissal and submit this memorandum brief to support that motion.

### STATEMENT OF FACTS

Tubb asserts that a Lee County Sheriff's deputy arrested him. Tubb asserts that unknown deputies and other sheriff's employees used unreasonable force in arresting him, detaining him, and denying him medical care while he remained in jail.

### ARGUMENT AND AUTHORITIES

1.     <u>LCSD Not Subject to Suit</u>

In <u>Whiting v. Tunica County, et al</u>, 222 F. Supp. 2d 809, 825-26 (N.D. Miss. 2002), this Court held that in order for a sheriff's department to be amenable to suit, it must be determined that a sheriff's department is amenable to suit pursuant to state law. Absent any showing by Plaintiff that a sheriff's department enjoys a separate legal existence from that of the County, the sheriff's department should be dismissed.

756895

Tubb has made no showing that the LCSD enjoys a separate legal existence from the County. Furthermore, the Mississippi Supreme Court has held that a sheriff's department has no separate legal existence from the County. Brown v. The Bolivar County Sheriff's Dept., et al, 927 So. 2d 733 (Miss. 2006).

2. The Complaint Does Not State a Claim Against the County

The law is well settled that a governmental entity has no liability under §1983 pursuant to the common law doctrine of respondeat superior. Monell v. Dept. of Social Sciences, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978). While the County may be held liable for unconstitutional practices, policies, and customs, it cannot be held vicariously liable. Nowhere in his Complaint does Tubb assert that the County had in place unconstitutional policies, practices, and customs which caused his alleged injuries.

## CONCLUSION

The Lee county Sheriff's Department has no separate existence as a governmental entity; therefore, Tubb cannot maintain a suit under Section 1983 against LCSD. Tubb has failed to state a claim against the County pursuant to Section 1983 upon which relief could be granted. Therefore, Defendants the Supervisors and LCSD submit that the Court should dismiss from this suit the LCSD and the Lee County Board of Supervisors.

Respectfully submitted, this the 16th day of March, 2007.

**LEE COUNTY SHERIFF'S
DEPARTMENT AND LEE COUNTY
BOARD OF SUPERVISORS, Defendants**

**BY: /s/ William C. Murphree
WILLIAM C. MURPHREE, MSB #3661
GARY L. CARNATHAN, MSB #5878**

756895

OF COUNSEL:

**MITCHELL, MCNUTT & SAMS, P.A.**
**105 S. FRONT STREET**
**P.O. BOX 7120**
**TUPELO, MISSISSIPPI  38802**
**(662) 842-3871**
**(662) 842-8450 FAX**
**bmurphree@mitchellmcnutt.com**

**CARNATHAN & MCAULEY**
**P.O. DRAWER 70**
**TUPELO, MISSISSIPPI  38802**
**(662) 842-3321**
**(662) 842-3324 FAX**
**carnathanlaw@redmagnet.com**

## CERTIFICATE OF SERVICE

I, William C. Murphree, one of the attorneys for the Defendants, Lee County, do hereby certify that I have this day electronically filed the above *Memorandum Brief Supporting Motion to Dismiss* with the Court and served on the Plaintiff by United States Mail, first class, postage pre-paid, addressed as follows:

> Mr. Donald Tubb
> 126 CR 855
> Shannon, MS  38868

THIS, the 16th day of March, 2007.

                                        /s/ William C. Murphree
                                        WILLIAM C. MURPHREE

756895