IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DONALD TUBB                                                                                        PLAINTIFF

v.                                                                                        No. 1:06CV349-D-A

LEE COUNTY SHERIFF'S DEPARTMENT AND
LEE COUNTY BOARD OF SUPERVISORS                                                   DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* complaint of Donald Tubb, who challenges his arrest and detention under 42 U.S.C. § 1983. The defendants have moved to dismiss the case for failure to state a claim upon which relief could be granted – and have also moved for sanctions against the plaintiff because he failed to attend his own properly noticed deposition. The plaintiff has not responded, and, indeed, has filed no papers with the court other than the complaint. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On December 27, 2005, the plaintiff stepped out of a door to tell officers that he needed medical attention. One of the officers beat the plaintiff and tasered him. As a result, the plaintiff was arrested and transported to the emergency room, where he remained for four hours.

### Discussion

First, the defendant Lee County Sheriff's Department has no separate legal existence from Lee Count; as such, the plaintiff's claims are against Lee County. *Brown v. Bolivar County Sheriff's Dept.*, 927 So.2d 733 (Miss. 2006). Unfortunately for the plaintiff, he has not stated a claim against Lee County, Mississippi. A county can only be held liable under § 1983 for its

unconstitutional policies, practices, and customs which cause the plaintiff's injuries. As the plaintiff has not alleged that the policies, practices, or customs of Lee County, Mississippi, are unconstitutional – or caused his injuries – all of the plaintiff's claims against Lee County shall be dismissed.

As to the plaintiff's claims against the Lee County Supervisors, section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action pursuant to § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff does not allege that the Lee County Board of Supervisors had any personal involvement or were causally connected to the incident in any way. As such, the plaintiff's claims against the Lee County Board of Supervisors shall be dismissed for failure to state a constitutional question. In sum, all of the plaintiff's claims shall be dismissed for failure to state a claim upon which relief could be granted.

**Sanctions**

The defendants have moved for sanctions against the plaintiff because he failed to attend his own properly noticed deposition, which was scheduled to take place at the offices of Mitchell, McNutt & Sams at 105 S. Front Street, Tupelo, Mississippi. The defense attorneys were present and ready to proceed, as was a court reporter, but, after more than an hour passed, the plaintiff did not appear. Under FED. R. CIV. P. 37(b)(2), the court may award sanctions against a party who fails to attend a property noticed deposition, including an award of attorney's fees and

expenses caused by the party's failure to appear.

The court finds that the plaintiff failed to appear at his own properly noticed deposition. Therefore, as a sanction against the plaintiff, the court shall award to the defendants the reasonable costs and attorneys fees the defendants incurred as a result of the plaintiff's failure to appear at the deposition. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of October, 2007.

                                                  /s/ Glen H. Davidson
                                                  SENIOR JUDGE